**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MOAZ ADAM,

Petitioner,

v.

GREGORY J. ARCHAMBEAULT, Field Office Director, ICE Enforcement and Removal Operations, San Diego Field Office, et al.,

Respondents.

Case No.: 3:26-cv-01611-RBM-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**

**[Doc. 1]**

Pending before the Court are Petitioner Moaz Adam's ("Petitioner") Petition for Writ of Habeas Corpus and Complaint ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 3).  For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED AS MOOT**.

## I.   BACKGROUND

Petitioner, a citizen of Sudan, entered the United States without admission or inspection on February 3, 2024. (Doc. 1 ¶¶ 2, 18.)  Petitioner was apprehended upon entry and subsequently released from custody on parole under section 212(d)(5) of the Immigration and Nationality Act ("INA"), promulgated under 8 U.S.C. § 1182(d)(5).  (*Id.* ¶ 18; Doc. 5 at 2.)  Shortly thereafter, the United States Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") which commenced removal proceedings against him.  (Doc. 1 ¶ 19; *see* Doc. 1-2 at 2.)

1

After he was paroled into the United States, Petitioner timely filed an application for asylum. (Doc. 1 ¶ 19.) On December 2, 2025, Petitioner was re-detained by United States Immigration and Customs Enforcement ("ICE") and was transferred to the Otay Mesa Detention Center where he remains detained. (*Id*. ¶¶ 3, 20.) Petitioner alleges that he "has no criminal history, has consistently complied with all immigration requirements, and has demonstrated his willingness to appear for all proceedings and comply with any conditions of release." (*Id*. ¶ 22.) Additionally, "Petitioner is currently suffering from a serious medical condition, and his condition continues to deteriorate while he remains in detention without adequate medical evaluation or treatment." (*Id*. ¶ 22.)

On March 13, 2026, Petitioner commenced this action by filing the instant Petition.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims his continued detention violates the Fifth Amendment's Due Process Clause and lacks statutory authority. (*See* Doc. 1 ¶¶ 46–64.) Respondents assert they "have insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." (Doc. 5 at 2.) Respondents maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)" but "acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and "on that basis . . . do[ ] not

oppose the [P]etition." (*Id*. at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were released from ICE detention on humanitarian parole under 8 U.S.C. § 1182(d)(5) and later re-detained.  For example, in *Perez v. LaRose*, the Court applied the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found "all three factors support a finding that Respondents' revocation of Petitioner's parole [§ 1182(d)(5)(A)] without reasoning or an opportunity to be heard deprived Petitioner of his due process rights."  Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *5 (S.D. Cal. Nov. 13, 2025).  The Court concluded the petitioner's detention was unlawful "because Respondents detained [the petitioner] by revoking his parole in violation of the Due Process Clause." *Perez*, 2025 WL 3171742, at *5.

The Court reached the same conclusion in *Velazquez-Chinga v. Noem*, finding the revocation of the petitioner's parole without an individualized determination or an opportunity to be heard "was neither consistent with 8 U.S.C. § 1182(d)(5)(A) nor the demands of due process."  Case No.: 3:26-cv-00105-RBM-KSC, 2026 WL 311507, at *3 (S.D. Cal. Feb. 5, 2026) (citing *Araujo*, 2025 WL 3278016, at *2.)  As the Court noted, "[d]ue process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) an opportunity to rebut the reasons given for the termination." *Id*. (quoting *Araujo v. LaRose*, No. 25cv2942-BTM-MMP, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025)); *see Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164–66 (S.D. Cal. 2025) (analyzing *Mathews* factors).

Like in *Perez* and *Velasquez-Chinga*, Petitioner was apprehended upon his arrival to the United States and released from his initial detention on parole pursuant to 8 U.S.C. § 1182 (d)(5).  (*See* Doc. 1 ¶ 18; Doc. 5 at 2.)  "Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017); *see Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if [he]

3

was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined [he] was neither."). Indeed, the applicable regulations authorize ICE to release a noncitizen from custody for humanitarian reasons only if the noncitizen "present[s] neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b).

Before he was re-detained in December 2025, Petitioner lived in the United States for almost two years, was able to apply for asylum relief, maintained full-time employment, "has no arrests, no convictions, and no criminal history." (Doc. 1 ¶ 3.) Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise. *See Pinchi*, 792 F. Supp. 3d at 1034 (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Since DHS's initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." *Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025). Petitioner also alleges, and Respondents do not dispute, that he "was taken into custody without notice, without explanation, and without any hearing before a neutral decision maker." (Doc. 1 ¶ 53)

The Court therefore adopts its reasoning in *Perez* and *Velasquez-Chinga* applies it here. For those same reasons, Respondents' revocation of Petitioner's release on parole under 8 U.S.C. § 1182(d)(5)(A) and his subsequent re-detention without a pre-deprivation or bond hearing violated the Due Process Clause of the Fifth Amendment and rendered his detention unlawful.[1]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.

2. Respondents **MAY NOT** re-detain Petitioner without compliance with 8 C.F.R.

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

§ 212.5, 8 U.S.C. § 1182(d)(5)(A), and the Due Process Clause.

3. The Court **ORDERS** that, prior to any such re-detention, Petitioner is entitled to notice of the reasons for revocation of his parole and a hearing before an immigration judge to determine whether detention is warranted.  Respondents **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

4. The TRO Motion (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  April 17, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE